UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-24286-CIV-SEITZ/TURNOFF

DOUGLAS LONGHINI,

          Plaintiff,

vs.

NEW WAY FOODS, INC.,

          Defendant.
_____/

## ORDER RE: ATTORNEYS' FEES

THIS MATTER came before the Court on Plaintiff's Statement of Claim Concerning Award of Reasonable Attorneys' Fees and Costs [DE-56]. Plaintiff brought this action seeking remediation of Defendant's alleged violations of the Americans With Disabilities Act (ADA). The parties were able to settle the ADA issues and Defendant agreed to pay "reasonable" attorneys' fees and costs as part of the settlement. The parties, however, cannot agree as to what constitutes "reasonable" attorneys' fees and costs. Thus, after a hearing on the issue, the Court ordered Plaintiff's counsel to submit his billing and cost records. Those records are now before the Court for a determination as to reasonable attorneys' fees and costs.

## I. BACKGROUND

This case was brought under the ADA in order to make Defendant's property more accessible to disabled patrons, in accordance with the law. The case was filed on November 18, 2016. However, for some reason there was a delay in issuing the summons, which was not issued until December 30, 2015. Defendant was served on January 21, 2016. After several

extensions and an Order to Show Cause, the parties filed their Joint Scheduling Report (JSR) on February 26, 2016. Both parties signed the JSR. However, Defendant never filed a response to the complaint and defense counsel did not file a Notice of Appearance until August 5, 2016. Defense counsel was only added to the docket at the request of chambers based on her signature on the JSR.

Throughout this litigation, the Court has had to issue orders to remind the parties of their Court ordered deadlines and obligations. A show cause order was entered when the parties did not timely file their JSR, several orders requiring compliance with prior orders were issued, and a second show cause order was issued when the parties failed to conduct a scheduled mediation. Plaintiff's counsel maintains that defense counsel's failure to fully defend this action and to respond to correspondence and phone calls led to many of these issues. However, even if true, Plaintiff's counsel also failed to seek extensions or bring the issues with defense counsel to the Court's attention.

On August 3, 2016, Plaintiff obtained a Clerk's Default and, on August 9, 2016, Plaintiff moved for entry of a final default judgment. With that motion still pending, Plaintiff filed a motion for summary judgment on August 30, 3016. On September 22, 2016, the parties mediated the case but reached an impasse. On October 5, 2016, the Court held a hearing on both Plaintiff's motion for final default judgment and Plaintiff's motion for summary judgment. At that hearing, at the Court's urging, the parties settled the matter, with the issue of what constitutes "reasonable" attorneys' fees and costs to be resolved later. The Court directed Plaintiff's counsel to provide his billing records to defense counsel and expected the parties to confer and reach an agreement on the fees. They were unable to reach an agreement.

## II. DISCUSSION

### A. Recoverable Costs

Under 28 U.S.C. § 1920, the following costs are recoverable: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Plaintiff seeks a total of $8,002.88 in costs, of which $7,269.00 is for Plaintiff's expert. The Court, however, struck Plaintiff's expert's report and affidavit because neither his report nor the affidavit complied with the requirements of Federal Rule of Civil Procedure 26(a)(2). As a result, the Court does not find that these costs are reasonable or recoverable. Plaintiff seeks $256.88 for mediation costs. However, such costs are not compensable under § 1920. Plaintiff seeks $400.00 for his filing fee. Such fees are recoverable under § 1920 and, therefore, the Court will allow recovery of the filing fee. That leaves $77.00 in costs which Plaintiff attributes to the process server and parking. Parking fees are not recoverable under the statute and Plaintiff has failed to provide a receipt or other proof of the cost of process. Thus, the Court will not award these costs. Accordingly, Plaintiff is entitled to recover $400.00 in costs for the cost of filing this action.

### B. Attorneys' Fees

In calculating "reasonable" attorneys' fees, the Eleventh Circuit employs the lodestar approach. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under this method, attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). The party seeking fees bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Plaintiff seeks to recover for 95.9 hours of work at the rate of $425.00 per hour, which totals $40,757.50. However, Plaintiff has only submitted billing records for 84.1 hours of work for a total of $35,742.50 in fees. Consequently, the Court will only consider the fees for which records have been submitted.

To apply the lodestar method, the Court must first determine whether the hourly rate sought is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (citation omitted).

The Court does not find an hourly rate of $425.00 per hour reasonable. It appears from the records that four different attorneys worked on the case (designated by the initials DAE, TAC, JP, and FAD). Plaintiff has not provided the Court with the qualifications and experience of each of these attorneys so that the Court can determine whether $425.00 per hour is a

reasonable rate for all four of them to charge.[1] Further, much of the work done in this case was simple and straightforward, almost boilerplate. In his Statement, Plaintiff asks that the Court consider awarding fees at the rate of $250.00 per hour. The Court finds this a reasonable rate for the type of work that was performed in this matter and, therefore, will award fees at the rate of $250.00.

Next, the Court will consider whether all of the hours claimed are reasonable in the context of this case. As a preliminary matter, the Court notes that this matter did not proceed as most ADA access cases do. It is fairly standard practice in this district, in these type of cases, that early in the case the parties meet to discuss the proposed modifications and to determine if they are financially reasonable. Most of the time counsel is able to reach an agreement quite early in the case, thereby achieving compliance with the ADA and simultaneously keeping costs and fees low. It appears quite clear that the parties did not engage in any real settlement discussions in this case. Defense counsel appears to have been unresponsive throughout much of the case and Plaintiff's counsel sought unreasonably high fees in the early stages of this case.[2] As a result little, if anything, was accomplished for approximately 8 months, other than Plaintiff's counsel's continuous billing. Thus, neither side appears to have taken their

---

[1] While lead counsel told the Court his qualifications at the hearing, he did not convey the qualifications of the other three attorneys who worked on the case. Because only their initials were provided, the Court has no way of knowing whether they were recent law school graduates or seasoned attorneys with years of ADA experience.

[2] At the motion hearing, defense counsel represented that Plaintiff sought $10,000.00 in fees the first time the parties discussed settlement. According to the billing records submitted by Plaintiff's counsel that occurred on March 15, 2016. At that point in time, counsel had spent approximately 15 hours on the matter, which, even at $425.00 per hour, amounts to only $6,375.00.

responsibilities under Federal Rule of Civil Procedure 1– to secure the just, speedy, and inexpensive determination of this matter – seriously. With this in mind, the Court will address the reasonableness of the hours billed.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)). Counsel must use "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition.[3] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition, where the fee applicant engages in block billing, a fee reduction may be warranted. *Barnes*, 168 F. 3d at 429. Block billing may occur where a single billing entry contains compensable legal tasks and non-compensable secretarial tasks. *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008). Block billing may also occur where time spent on multiple non-secretarial tasks is inadequately described. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310 n. 4 (S.D. Fla. 2009).

At the fee hearing Plaintiff's counsel represented to the Court that his firm did not employ secretaries. Accordingly, some of the billing entries appear to be for straight secretarial or clerical work, such as arranging STS transportation for the Plaintiff. Other entries appear to be block billing that includes non-compensable secretarial work, such as "create electronic file and organize all materials into respective sub folders," "save [notice of electronic filing] in electronic file," and "prepare correspondence to [Plaintiff] enclosing [recent filing]." Some of the entries

---

[3]The Court recognizes that Plaintiff did not submit a formal "fee petition" because the Court simply ordered Plaintiff's counsel to submit his billing records. However, nothing prevented Plaintiff's counsel from first removing any excessive or non-compensable billing.

reflect double billing for lawyer supervision of another lawyer and for basic legal research. Further, the billing records, and the docket, indicate that Plaintiff's counsel prepared and filed a written motion to compel. However, a Court order specifically prohibits filing written discovery motions unless directed by the Court. *See* DE-14, Attachment A. Additionally, Plaintiff's counsel failed to recognize that his expert's report failed to comply with Rule 26 and counsel showed questionable judgment filing the motion for summary judgment while the motion for final default judgment was pending. For these reasons, the Court finds that an across-the-board cut of counsel's hours is appropriate. However, the Court also recognizes that defense counsel's failure to adequately defend this matter and to respond to Plaintiff's counsel's correspondence and phone calls caused Plaintiff's counsel hours of additional work. Accordingly, the Court finds that a 25% across-the-board cut in Plaintiff's counsel's billable hours is appropriate.

Thus, after adjusting the applicable hourly rate and the hours expended the lodestar is $15,768.75 calculated by multiplying the hourly rate ($250.00) by the reduced hours (84.1 x .75 = 63.075). Accordingly, it is

ORDERED that Plaintiff is entitled to attorneys' fees in the amount of $15,768.75 and $400.00 in costs for a total of $16,168.75.

DONE AND ORDERED in Miami, Florida, this 15th day of November, 2016.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record